## SMITH *v.* GREEN *et al.*

*(Circuit Court, D. Minnesota. February 6, 1889.)*

EQUITY—PARTIES.

To a bill for the cancellation of a quitclaim deed from complainant to defendant G., P. and J. were made parties defendant, the bill alleging that they and each of them had made fraudulent representations for the purpose of procuring the execution of the deed, and a general confederating clause was inserted. There was no averment that P. and J., or either of them, were agents or attorneys for G., or that G. held the title in whole or in part for their benefit, or that they had or expected any interest in the land conveyed; and no relief was prayed for as against them. *Held*, that they could not be required to answer.

In Equity. On demurrer to bill.

The bill of complaint states that from July 23, 1858, to June, 1886, the complainant was the owner of an indefeasible estate of inheritance in and to lot No. 4 of the S. W. ¼ of section 28 of township 29 of range 24, containing 67.25 acres of land, situated in Hennepin county, in the state of Minnesota, and subject to a mortgage to the defendant John Green to

secure the payment of $2,500 and interest thereon; and that between January 1, 1859, and January 1, 1862, Green made a pretended foreclosure sale thereof, which is averred to be defective, and that the same was subject to redemption on the 15th of June, 1886, at which time "the defendants, and each of them, came to (complainant's) place of residence at Burlington, in the state of Iowa, and represented and stated to him in each other's presence that the title of your orator in and to said land was utterly extinguished by the foreclosure of the mortgage above specified, and by the statute of limitations; and that your orator had not a shadow of a claim to said land and premises; and that any court would set aside your orator's claim in and to said land and premises in one year, but that it would cost about one hundred dollars to do so, and that they would prefer to give to your orator said money, rather than spend it in court; and that the said John Green, who claims the land, was a poor old man, and they knew in justice your orator was not entitled to anything, but to enable them to make sales soon they would pay him for a quitclaim deed thereof the sum of five hundred dollars; and further stated that the land and all thereof was almost valueless, and was an outlot partially covered with brush." It is averred that defendant Pumphrey had in other matters acted as complainant's attorney and agent, and was an old acquaintance, and introduced defendant Johnson as an attorney from Minneapolis, in whose statements your orator might place implicit confidence, and that, relying upon the said statements and representations made by said defendants to him, and believing the said statements to be true in every particular, he accepted $500 from them, and executed a quitclaim deed of said land and premises to the defendant John Green. It is averred that the land is worth $50,000, and that the statements of defendants Johnson and Pumphrey were false, fraudulent, and untrue, and made with intent to deceive and defraud your orator, and that he was deceived and defrauded thereby. There is an allegation of tender of money to Green, and demand for reconveyance. The general confederating clause is inserted, and specific interrogatories are required of defendants Pumphrey and Johnson, and the relief claimed is that the quitclaim deed to defendant Green be set aside. Defendants Pumphrey and Johnson interpose a demurrer for the reasons (1) that the complainant has shown no title or interest in the land in respect whereof these defendants or either of them ought to be compelled to answer or plead to said bill; (2) nor does said bill show said defendants or either of them to have any interest whatever in and to any of the subject-matters or things alleged in said bill of complaint, and sought to be litigated in this action, in respect whereof said defendants ought to be compelled to answer or plead to said complaint.

*John B. & W. H. Sanborn,* for complainant.

*Hale & Peck,* for defendants.

NELSON, J., (*after stating the facts as above.*)  There is no averment in the bill that the defendants Pumphrey and Johnson, or either of them, were the agents or attorneys of the defendant Green, to whom the quit-

claim deed ran, or that Green was a trustee, and held the title for their benefit, in whole or in part; and it does not appear that they have any interest whatever, or expect any, in the land conveyed, and no relief is prayed against them. The fact that fraudulent representations were made by them which influenced the complainant cannot implicate Green, unless they are shown to occupy such relation as to charge the fraud upon him. In all cases the bill must show that one who is made a party defendant is in some way liable to complainant's demand, or has an interest in the subject of the suit. An exception is made in the case of the agent or officer of a corporation. Mr. Pomeroy states the rule concisely, viz.:

"The general rule is well settled and admits of only one or two special exceptions which are necessary to prevent a failure of justice, that no person can properly be made a defendant in the suit for a discovery or compelled as such to disclose facts within his knowledge, unless he has an interest in the subject matter of the controversy in aid of which the discovery is asked." 1 Pom. Eq. Jur. § 199.

In a note numerous authorities from which the rule is formulated are cited. Where an attorney or agent has assisted his principal in the accomplishment of a fraud, he may then be made a party defendant, and compelled to discover the fact, and relief must be prayed that he pay costs. He is made a party, not for the reason that every one who assists another in committing a wrong is answerable for the injury sustained by the aggrieved person, but as security for costs incurred in redressing the wrong. See 1 Daniell, Ch. Pr. 299, and cases cited in note. No such case is presented by the demurrer, and in settling the demurrer it is not necessary that defendants should answer denying the confederating clause. Demurrer sustained.